**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Rick Croteau, | : |
|                  Plaintiff, | : Civil Action No.: 4:15-cv-40151 |
| v. | : |
| AM-Med Diabetic Supplies, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
|                  Defendants. | : |

For this Complaint, the Plaintiff, Rick Croteau, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Rick Croteau ("Plaintiff"), is an adult individual residing in Worcester, Massachusetts, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant AM-Med Diabetic Supplies, Inc. ("AM-Med"), is a Florida business entity with an address of 5180 West Atlantic Avenue, Suite 107, Delray Beach, Florida 33484 and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by AM-Med and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. AM-Med at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, AM-Med began calling Plaintiff's cellular telephone, number 774-xxx-1507, in an attempt to reach a person other than Plaintiff named Diane.

8. At all times mentioned herein, AM-Med contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and a prerecorded voice.

9. When Plaintiff answered AM-Med's calls, he heard a prerecorded message stating that Diane's diabetic medications were ready for pickup.

10. In or about July 2015, Plaintiff spoke with AM-Med in an effort to get the calls to stop. Plaintiff informed AM-Med that he was being reached in error, he did not know who Diane was and to cease calling him.

11. Nonetheless, AM-Med continued to place automated calls to Plaintiff's cellular telephone multiple times per day.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

14. Plaintiff never provided his cellular telephone number to Defendants and never provided his consent to be contacted on his cellular telephone.

15. Without prior express consent, Defendants contacted Plaintiff by means of automatic telephone calls and prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Defendants continued to place automated calls to Plaintiff's cellular telephone after being advised that it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 5, 2015

                Respectfully submitted,

                By   /s/ Sergei Lemberg

                Sergei Lemberg (BBO# 650671)
                LEMBERG LAW, L.L.C.
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile: (203) 653-3424
                Attorneys for Plaintiff